NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON (Cal. Bar No. 274263)
JOSEPH B. WIDMAN (Cal. Bar No. 256189)
Assistant United States Attorneys
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6930/6945
     Facsimile: (951) 276-6202
     E-mail:    Sean.Peterson2@usdoj.gov
                Joseph.Widman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR No. 17-229-JGB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JERMAINE WRIGHT, | |
| Defendant. | **CURRENT TRIAL DATE:** 2/26/19<br>**PROPOSED TRIAL DATE:** 8/20/19<br><br>**PROPOSED PRETRIAL CONFERENCE:** 8/5/19 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Sean D. Peterson and Joseph B. Widman, and defendant JERMAINE WRIGHT ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defenders Roger Ponce and Angela C.C. Viramontes, hereby stipulate as follows:

1.  The Indictment in this case was filed on November 15, 2017. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on November 8, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 24, 2018.

2. On December 6, 2017, the Court set a trial date of January 9, 2018.

3. Defendant is released on bond pending trial.

4. The parties estimate that the trial in this matter will last approximately 10 days.

5. The Court has previously continued the trial date in this case from January 9, 2018 to February 26, 2019, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

6. By this stipulation, defendant moves to continue the trial date to August 20, 2019. This is the third request for a continuance.

7. The parties request that the Court continue the pretrial conference from February 11, 2019 to August 5, 2019 at 2:00 p.m. and impose the following pretrial motions schedule:

    a. All pretrial motions shall be filed no later than July 1, 2019.

    b. Oppositions shall be filed no later than July 15, 2019.

    c. Replies, if any, shall be filed no later than July 22, 2019.

    d. Proposed Joint and Disputed Jury Instructions shall be filed no later than August 1, 2019.

8. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged in a two-count indictment with one count of 18 U.S.C. § 666(a)(1)(B): Bribery of Programs Receiving Federal Funds; and one count of 18 U.S.C. § 844(i): Attempted Arson of a Building Affecting Interstate Commerce. The government's initial discovery production of late December 2017 included approximately 11,000 pages of written reports and financial records, as well as numerous audio and video recordings.

    b. On June 1, 2018, the government made a second discovery production consisting primarily of materials concerning investigation conducted after the indictment was filed in this case. This discovery consisted of approximately 1,000 pages of investigative reports, bank records, text messages, and other materials, including additional recordings, including of interviews.

    c. On January 14, 2019, defendant's current lead counsel, Deputy Federal Public Defender Roger Ponce, appeared as counsel of record. Deputy Federal Public Defender Angela C.C. Viramontes remains on the case as co-counsel.

    d. In light of the volume of discovery produced by the government and the complexity of this case, defense counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

    e. Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to defendant, this case is so unusual and so complex that it is

unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

  f. Deputy Federal Public Defender Roger Ponce has the following case conflicts in the upcoming months:

    i. <u>United States v. Javier Cruz-Vasquez</u>, WD CR 19-22-RGK, Post Indictment Arraignment set for February 19, 2019;

    ii. <u>United States v. Filimon Bernal</u>, CR 18-102-DSF, trial set for February 26, 2019;

    iii. <u>United States v. Manuel Monje-Campos</u>, ED CR 18-334-JGB, trial set for April 30, 2019;

    iv. <u>United States v. Fidel Marchan-Moreno</u>, ED CR 18-313-JGB, trial set for April 30, 2019; and

    v. <u>United States v. Amado Chavez-Suales</u>, CR 18-871-DSF, trial set for May 14, 2019.

  g. Deputy Federal Public Defender Angela Viramontes has the following case conflicts in the upcoming months:

    i. <u>United States v. Jacob Olivas</u>, ED CR 18-231-JGB, trial set for May 28, 2019; and

    ii. <u>United States v. Charles Lynch</u>, CR 07-89-GW, a remanded case set for a status conference on March 7, 2019.

  h. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time

4

necessary for effective preparation, taking into account the exercise of due diligence.

       i.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

       j.    The government does not object to the continuance.

       k.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    9.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 26, 2019 to August 20, 2019, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    10.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: January 28, 2019            Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


/s/ *Sean D. Peterson*
SEAN D. PETERSON
JOSEPH B. WIDMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

    I am Jermaine Wright's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and

///

///

///

6

agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 20, 2019 is an informed and voluntary one.

_____  1/29/2019
ROGER PONCE                Date
ANGELA C.C. VIRAMONTES
Deputy Federal Public Defenders
Attorneys for Defendant
JERMAINE WRIGHT

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 20, 2019. I understand I will be ordered to appear in Courtroom 1 of the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside, CA 92501 on August 5, 2019 at 2:00 p.m. and again on August 20, 2019 at 9:00 a.m.

_____  1/29/19
JERMAINE WRIGHT            Date
Defendant