TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SEAN D. PETERSON (Cal. Bar No. 274263)
Assistant United States Attorney
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6930
    Facsimile: (951) 276-6202
    E-mail:    Sean.Peterson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 17-229-JGB |
| Plaintiff, | FIRST SUPPLEMENT TO AMENDED TRIAL MEMORANDUM |
| v. | |
| JERMAINE WRIGHT, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sean D. Peterson, hereby files its First Supplement to Amended Trial Memorandum.

This First Supplement is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 14, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

_____/s/_____
SEAN D. PETERSON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

At trial, plaintiff intends to move into evidence Exhibits 80-90, which are photographs of items, namely a pork sausage patties box, a Chef Pierre Box, a Sysco Frozen Potatoes Box, Sysco Mayonnaise Container, Syrups and Cane Sugar, a Black Tea Box, a Folgers Coffee Container, a Box of Dinner Napkins, and a Delfield Ice Cream Freezer. All of these items have labels that indicate the origin, place of manufacture, or distribution of the item in the photograph.  The written information on the label is admissible non-hearsay.

### II.  ARGUMENT

The written information on the labels is admissible non-hearsay under both the "mechanical trace" theory, and under the residual exception to the hearsay rule in Federal Rule of Evidence 807.

As an initial matter, pursuant to Federal Rule of Evidence 902(7), "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership or control" is evidence that is self-authenticating, requiring no extrinsic evidence of authenticity in order to be admitted.

In Alvarez, the Ninth Circuit adopted the "mechanical trace" theory, finding that an inscription placed on a firearm by a manufacturer was not a statement for purposes of hearsay.  United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir. 1992), *overruled on other grounds by* Kawashima v. Mukasey, 530 F.3d 1111, 1116(9th Cir. 2008); see also United States v. Koch, 625 F.3d 470, 480 (8th Cir. 2010) (rejecting claim that "manufacturer's inscription on a product is inadmissible hearsay"); United States v. Thody, 978 F.2d 625, 630-

1   31 (10th Cir. 1992).  The same principle, applies here, the origin

2   information on the food products and ice cream freezer fall under the

3   mechanical trace theory.

4        The labels here are also admissible under the residual

5   exception: a hearsay statement is not excluded by the rule against

6   hearsay if: (1) the statement is supported by sufficient guarantees

7   of trustworthiness--after considering the totality of circumstances

8   under which it was made and evidence, if any, corroborating the

9   statement; and (2) it is more probative on the point for which it is

10  offered than any other evidence that the proponent can obtain through

11  reasonable efforts.  Fed. R. Evid. 807(a).[1]

12       Here, the photographs of the labels, which show origin

13  information, were taken on October 17, 2017.  They are the best

14  evidence that the property was used in interstate commerce, or an

15  activity affecting interstate commerce because they are items that

16  were present in the restaurant on the day that the arson was to

17  occur.  Moreover, Food and Drug labeling requirements require the

18  name and location of the manufacturer, packer or distributor, among

19  other information, to be placed on the label, which ensures the

20  trustworthiness of the origin information.  Lastly, the alternative,

21  calling a witness from each different manufacturer, packer, or

22  distributor to affirm that a product was manufactured, packed or

23  distributed in a given place, would not be a reasonable alternative.

24

25  _____

26       [1] This rule has a notice provision.  Defendant was provided
    notice of plaintiff's intent to introduce these items in various
    forms.  Defendant was provided with exhibits for what was then a
27  trial on only the attempted arson charge on or about April 4, 2022.
    Those exhibits included the photographs in question.  The photographs
28  are also mentioned in the trial memorandum that was filed on April 1,
    2022.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court provisionally admit Exhibits 80-90, under the mechanical trace theory, and Federal Rules of Evidence 807(a), and 902(7).